### DELEHANTY VS. HOFFMAN.

Where the defendant obtains an order setting aside an inquest on payment of costs, &c., but mistaking the practice in supposing the plaintiff must make a personal demand for the costs, and the plaintiff goes on and enters judgment, the defendant, to avail himself of his rule, must bring the amount of judgment into court, pay all costs, and take short notice of trial.

*Defendant moved at June special term last, and took a rule by default setting aside the inquest taken in this cause, with costs.*—August special term, plaintiff made a motion to open the default, which was granted, and the original motion of defendant to set aside the inquest was argued and granted upon payment of costs of the regular proceedings; copy rule and notice was served on defendant's attorney previous to 2d September, during his absence. Defendant's attorney mistaking the practice, supposed plaintiff's attorneys must make a personal demand for the costs under said rule, and did not discover the mistake until the 27th September; he immediately wrote to plaintiff's attorneys, stating in what manner he was mistaken in the practice, and offered to pay said costs and go to trial, which plaintiff's attorneys declined doing. Defendant swears to merits.

E. HOFFMAN, *Defts Atty.*          HAMMOND & DOOLITTLE, *Plff's Attys.*

*Decision.*—Ordered that the motion for leave for defendant to avail himself of the rule entered in August last, be denied, unless defendant within ten days bring into court the amount of the judgment and interest, and pay to plaintiff's attorneys the costs of inquest and all subsequent proceedings, and take seven days notice of trial, and pay costs of opposing motion.